

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

December 24. 1957

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-335

Re: Does House Bill 216, Acts
55th Legislature, Regular
Session, 1957, Chapter 69,
page 159, replace and/or
supersede the sparse area
clause in Section 1 of
Article 2922-13, Vernon's
Civil Statutes, and related
questions.

Dear Dr. Edgar:

You have requested our opinion on the following questions:

1. Does House Bill 216, Acts 55th Legislature, Chapter 69, page 159, replace and/or supersede the sparse area clause in Section 1 of Article 2922-13, Vernon's Civil Statutes?

2. If the answer is negative, and we have two sparse area statutes:

    a. Does the Commissioner have discretion as to the number of professional units allotted under Section 1 of Article 2922-13, or is he obligated to allocate as many as the district had in 1948-49?

    b. If the Commissioner has discretion, may he use the same formula to allot professional units to all districts as that which he prescribed under the provisions of House Bill 216?

The two pertinent statutory provisions read as follows:

Article 2922-13, Vernon's Civil Statutes, Section 1,
§ 4:

"Provided further, that any school district containing one hundred (100) square miles or more and having fewer than one (1) pupil per square mile,

and which is now equipped with school facilities
to maintain, and is now operating and maintaining
a four-year accredited high school, may be
allotted by the State Commissioner of Education
as many professional units as were provided
during the school year 1948-1949; provided that
the State Commissioner of Education shall take into
consideration the density and distribution of popu-
lation in the district, road conditions, and the
proximity of the school to another four-year
accredited high school in making such allotments."

House Bill 216, Acts 55th Legislature, Regular Session,
1957, Chapter 69, page 159, Section 1, reads as follows:

"Section 1.   Any school district containing
one hundred (100) square miles or more and having
fewer than one (1) pupil per square mile, and which
operates and maintains a four-year accredited high
school may be allotted by the State Commissioner of
Education for Foundation School Program Act and Fund
purposes the number of professional units deter-
minable as earned by the application of a sparse
area formula approved by the State Board of Education;
provided that the State Commissioner of Education
shall take into consideration the density and distri-
bution of population in the district, road conditions,
and the proximity of the school to another four-year
accredited high school in making such allotments."

From reading the above sections, it is our opinion
that neither of the above sections is a mandatory provision;
that both of said sections are designed to give the Commissioner
of Education discretionary powers to relieve teacher shortage
in sparse area schools.

Therefore, we answer your questions as follows:

First, the State of Texas has two sparse area statutes
as quoted above, which statutes stand together and are to be
used at the discretion of the Commissioner of Education.

Secondly, neither of the above sections is mandatory,
and the Commissioner of Education may use either section in
allotting extra professional units to sparse area schools.

S U M M A R Y

Texas has two sparse area statutes,
Section 1, Article 2922-13, Ver-
non's Civil Statutes, and House
Bill 216, Acts 55th Legislature,
R. S., 1957, Chapter 69, page 159.
The Commissioner of Education may
apply whichever of these statutes
he deems desirable, at his discre-
tion.

Very truly yours,

WILL WILSON
Attorney General of Texas

By   Galloway Calhoun, Jr.
     Assistant

GC: jl

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

J. C. Davis, Jr.

Leonard Passmore

REVIEWED FOR THE ATTORNEY GENERAL

BY:   James N. Ludlum